Citation Nr: 1132157 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-14 287 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUES

1. Entitlement to service connection for leukopenia. 

2. Entitlement to service connection for status-post removal of a colon polyp. 

3. Entitlement to service connection for diabetes mellitus type 2 (diabetes).

4. Entitlement to service connection for hypertension.

5. Entitlement to service connection for chronic kidney disease. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States




WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

N. Snyder, Counsel


INTRODUCTION

The Veteran had active service from November 1950 to November 1957. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from a decision of November 2004 by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

A hearing before the undersigned Veterans Law Judge was held in February 2008. The hearing transcript has been associated with the claims file.

The Board previously remanded the claims in March 2008 and August 2009. The Board is satisfied that there has been substantial compliance with the remand directives and it may proceed with review. Stegall v. West, 11 Vet. App. 268 (1998). 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran does not have a service-connectable disorder manifested by leukopenia.

2. A colon polyp (or other disorder) did not onset in service and is not causally related to service.

3. Diabetes did not onset in service and is not causally related to service.

4. Hypertension did not onset in service and is not causally related to service.

5. Chronic kidney disease did not onset in service and is not causally related to service. 


CONCLUSIONS OF LAW

1. The criteria for service connection of leukopenia have not been met. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2010).

2. The criteria for service connection of a colon polyp, status-post removal, have not been met. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2010).

3. The criteria for service connection of diabetes have not been met. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.09 (2010).

4. The criteria for service connection of hypertension have not been met. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.09 (2010).

5. The criteria for service connection of chronic kidney disease have not been met. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2010).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Notice and Assistance

Upon receipt of a complete or substantially complete application for benefits and prior to an initial unfavorable decision on a claim by an agency of original jurisdiction, VA is required to notify the appellant of the information and evidence not of record that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159; Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). The notice should also address the rating criteria or effective date provisions that are pertinent to the appellant's claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The RO provided the appellant pre-adjudication notice by letters dated in May, July, and November 2004. Although the notice provided did not address either the rating criteria or effective date provisions that are pertinent to the appellant's claim, this notice was provided by letter dated in March 2006, and the claims were readjudicated in a June 2007 supplemental statement of the case. Mayfield, 444 F.3d at 1333.

VA has obtained separation examination record, assisted the appellant in obtaining evidence, and afforded the appellant the opportunity to give testimony before the Board. The Veteran has been asked on multiple occasions to submit all relevant records in his possession or to provide VA a release for the records, and it appears that all reported and available records have been obtained and associated with the appellant's claims file and that the Veteran was notified of all records that were unavailable, such as the service treatment records and reported VA treatment records dating in the 1970s and 1980s. 

The Board acknowledges that VA examinations were not conducted. None is required, however. Such development is to be considered necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but contains competent evidence of diagnosed disability or symptoms of disability; establishes that the veteran experienced an event, injury or disease in service, or has a presumptive disease during the pertinent presumptive period; and indicates that the claimed disability may be associated with the in-service event, injury, or disease, or with another service-connected disability. 38 C.F.R. § 3.159(c)(4). In this case, the evidence is adequate to decide the claims. As discussed below, the evidence does not suggest that the Veteran has a disorder manifested by leukopenia or that the Veteran had a colon polyp, diabetes, hypertension, or kidney disease (or symptoms suggestive thereof) during service or within a year after separation. It also does not indicate that these conditions may be related to service. Thus, a VA examination with nexus opinion is not necessary. 

VA has substantially complied with the notice and assistance requirements and the appellant is not prejudiced by a decision on the claim at this time.

Service Connection

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in- service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Service connection may also be granted for chronic disorders, such as diabetes and hypertension, when manifested to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309

In this decision, the Board has considered all lay and medical evidence as it pertains to the issue. 38 U.S.C.A. §§ 5107(b), 7104(a); 38 C.F.R. § 3.303(a). In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). In determining whether statements submitted by a veteran are credible, the Board may consider internal consistency, facial plausibility, consistency with other evidence, and statements made during treatment. Caluza v. Brown, 7 Vet. App. 498 (1995). 

Leukopenia

The October 1957 separation examination record reflects no history or diagnosis of leukopenia; instead, it reflects normal clinical findings for all systems and normal serology.

An October 1992 VA treatment record reflects a finding of leukopenia. A follow-up treatment record indicates that the low white blood count was discovered in March 1992. The record further indicates that the count had been "pretty stable" since that time. After examination and discussion with the Veteran, the examiner determined that there was no evidence of disease process; the Veteran was diagnosed with benign decreased white blood count. 

A February 2004 statement from a private physician indicates that the Veteran had mild leukopenia with white blood counts in the 2.7 to 3 range. 

As stated above, a current diagnosis is required for service connection to be warranted. See also Degmetich v. Brown, 104 F.3d 1328, 1333 (1997) (holding that the existence of a current disability is the cornerstone of a claim for VA disability compensation). In this case, the evidence does not suggest that the Veteran has a currently diagnosed disorder. The Board acknowledges that the record includes findings of leukopenia. However, leukopenia is merely a laboratory finding which may or may not be an underlying symptom of a chronic condition. In this case, the evidence does not suggest that the Veteran's leukopenia is a symptom of a chronic condition; rather, the evidence includes findings that it is not indicative of active disease process. As such, the findings of leukopenia are not a basis for compensation benefits, and the claim must be denied. 

Colon Polyp

The October 1957 separation examination record reflects no histories or diagnosis suggestive of a colon polyp; in fact, it reflects normal clinical findings for all systems.

A February 2004 statement from a private physician indicates that the Veteran recently had a polyp removed after it was shown by colonoscopy. Subsequent medical records reveal no additional abnormal findings with respect to the colon. 

After review of the evidence, the Board finds service connection is not warranted for a colon polyp, status-post removal, or any other colon disorder because the evidence does not suggest that the polyp or any other colon disorder onset in service or is causally related to service. Initially, the Board notes that the competent and probative evidence does not suggest that a colon polyp or other colon disorder had its onset in service. The separation examination records reflect no histories or findings suggestive of a colon disorder or polyp, and the first evidence of a colon abnormality dates in 2004, more than 46 years after separation. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). Additionally, although competent to do so, the Veteran has not asserted the existence of the symptoms attributed to the colon polyp during and since service. See 38 C.F.R. § 3.159(a)(2); Layno, supra. Furthermore, the record does not contain any competent evidence linking the colon polyp to service. 

In sum, the Board finds the probative evidence does not suggest that the colon polyp, or a different colon disorder, onset in service or is in any way causally related to service. Consequently, the preponderance of the evidence is against the claim, and service connection is not warranted. 

Diabetes

The October 1957 separation examination record reflects no diagnoses of diabetes and no findings or histories indicative of diabetes, such as sugar in the urine or abnormal clinical evaluation of the endocrine system. 

January and April 1992 VA treatment record reflect negative histories as to diabetes. After examination, the Veteran was assessed with new onset of diabetes in April 1992. Subsequent medical records reflect continued treatment for diabetes. 

After review of the evidence, the Board finds service connection is not warranted for diabetes because the evidence does not suggest that diabetes onset in service or is causally related to service. Initially, the Board notes that the competent and probative evidence does not suggest that diabetes had its onset in service. The separation examination records reflects no histories or findings suggestive of diabetes and the first diagnosis of record dates in 1992, approximately 45 years after the Veteran's separation from service. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). Additionally, although competent to do so, the Veteran has not asserted the existence of the symptoms currently attributed to diabetes during and since service; rather, the earliest reported onset dates in the 1970s, over 10 years after separation. See 38 C.F.R. § 3.159(a)(2); Layno v. Brown, 6 Vet. App. 465, 471 (1994). 

Furthermore, the probative evidence does not suggest that there is a causal relationship between diabetes and service: there is no evidence of in-service exposure to herbicides and no medical nexus opinions. The Board acknowledges that the Veteran has reported that he was told that his diabetes was related to service. See February 2008 hearing transcript. This history is not corroborated by the medical evidence of record, however, and hearsay medical evidence, as transmitted by a lay person, is not sufficient to support a claim because the connection between what a physician said and the lay person's account of what the physician purportedly said is simply too attenuated and inherently unreliable to constitute medical evidence. See Robinette v. Brown, 8 Vet. App. 69, 77 (1995). Therefore, the Veteran's statement that he was told by medical professional that his diabetes was caused by service is not competent evidence.

In sum, the Board finds the probative evidence does not suggest that diabetes onset in service or is in any way causally related to service. Consequently, the preponderance of the evidence is against the claim, and service connection is not warranted. 

Hypertension

The October 1957 separation examination record reflects no diagnosis of hypertension, no findings indicative of hypertension, such as an elevated blood pressure reading (blood pressure was 120/80), and a negative history as to high or low blood pressure. 

January and April 1992 VA treatment records reflect the Veteran's histories of hypertension for approximately eight years. An October 1992 VA treatment record reflects the Veteran's history of hypertension for approximately 10 years. Subsequent medical records reflect continued treatment for hypertension. 

After review of the evidence, the Board finds service connection is not warranted for hypertension because the evidence does not suggest that the currently diagnosed hypertension onset in service or is causally related to service. Initially, the Board notes that the competent and probative evidence does not suggest that hypertension had its onset in service. The separation examination records reflects no histories or findings suggestive of hypertension and the earliest notation of hypertension places its onset in approximately 1982-1985, approximately 35 years after separation. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). Additionally, although competent to do so, the Veteran has not asserted the existence of the symptoms currently attributed to hypertension during and since service; rather, the earliest reported onset dates in the 1970s, over 10 years after separation. See 38 C.F.R. § 3.159(a)(2); Layno, supra. Furthermore, the record does not contain any competent evidence linking the Veteran's hypertension to service. 

In sum, the Board finds the probative evidence does not suggest that hypertension onset in service or is in any way causally related to service. Consequently, the preponderance of the evidence is against the claim, and service connection is not warranted. 

Kidney Disease

The October 1957 separation examination record reflects no diagnosis of kidney disease or findings or histories suggestive of kidney disease, such as albumin in the urine or abnormal clinical evaluation of the endocrine system. 

A February 2004 statement from a private physician reveals that the Veteran had mild renal impairment. A September 2005 private medical record indicates that a kidney sonogram was normal. Subsequent medical records reflect diagnoses of and treatment for kidney disease, and an August 2010 VA treatment record indicates that the chronic kidney disease was likely caused by high blood pressure nephrosclerosis and diabetic glomerulosclerosis. 

After review of the evidence, the Board finds service connection is not warranted for kidney disease because the evidence does not suggest that the currently diagnosed kidney disease onset in service or is causally related to service. Initially, the Board notes that the competent and probative evidence does not suggest that kidney disease had its onset in service. The separation examination records reflects no histories or findings suggestive of kidney disease and the earliest evidence of record kidney disease dates in 2004, more than 46 years after separation. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). Additionally, although competent to do so, the Veteran has not asserted the existence of the symptoms currently attributed to kidney disease during and since service; rather, the earliest reported onset dates in the late 1970s, approximately 20 years after separation. See 38 C.F.R. § 3.159(a)(2); Layno, supra. Furthermore, the record does not contain any competent evidence linking the Veteran's kidney disease to service; rather, the evidence suggests that it is secondary to the nonservice-connected hypertension and diabetes. 

In sum, the Board finds the probative evidence does not suggest that kidney disease onset in service or is in any way causally related to service. Consequently, the preponderance of the evidence is against the claim, and service connection is not warranted. 


ORDER

Service connection for leukopenia is denied. 

Service connection for colon polyp, status-post removal, is denied. 

Service connection for diabetes is denied.

Service connection for hypertension is denied.

Service connection for kidney disease is denied. 



____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs